# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 293 | **DATE** | February 7, 2011 |
| **CASE TITLE** | Gregory Jimmie Brown (#2010-0416123) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file his complaint *in forma pauperis* [3] is granted. The trust fund officer at Plaintif's place of confinement is authorized to deduct $8.50 as an initial partial filing fee from his trust fund account and to continue making deductions until the $350 filing fee is paid. Plaintiff's motion for the appointment of counsel [4] is denied. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a valid federal claim. The case is terminated. The dismissal of this case counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Gregory Jimmie Brown (#2010-0416123), a Cook County Jail inmate, has filed a complaint in this court against Sheriff Tom Dart, Executive Director Salvador Godinez, Superintendent Martinez, and Chief Howell. Plaintiff alleges that his area of the jail was placed on lockdown for five days, and he did not know the reason for the lockdown. Plaintiff seeks to file his suit *in forma pauperis* and for the appointment of counsel.

The court finds that plaintiff is unable to prepay the filing fee, and grants his motion to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the court assesses an initial partial filing fee of $8.50. The court authorizes the supervisor of inmate trust accounts at the Cook County Jail o collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of this court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and the Cook County Jail trust account office shall notify correctional authorities of any outstanding balance owed pursuant to this order in the event plaintiff is transferred.
**(CONTINUED)**

isk

| **STATEMENT** |

Although plaintiff may proceed *in forma pauperis*, his complaint fails to state a claim upon which relief may be granted by this court. Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review a complaint and dismiss it, if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. In this case, even accepting Plaintiff's factual allegations as true and liberally construing his complaint, the complaint fails to state a valid federal claim as a matter of law. Allegations that lockdowns are arbitrary do not state a valid § 1983 claim because an inmate "has no general liberty interest in movement outside of his cell." *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996), *citing Smith v. Shettle*, 946 F.2d 1250, 1252 (7th Cir. 1991); *see also Campbell v. Secretary, Dept. of Corrections*, No. 05 C 481, 2005 WL 2917465 at ** 6-9 (W.D. Wis. Nov. 3, 2005) (Crabb, J.) (court dismissed on preliminary review inmate's claims that he was on lockdown for six days). Plaintiff's claim that his area of the jail for five days does not state a valid federal claim.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff is warned that if a prisoner accumulates three strikes (if he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).